[Cite as *Verhoogen v. United Parcel Serv., Inc.*, 2013-Ohio-2305.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALEX R. VERHOOGEN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. | : | Case No. 12CA82 |
| AND UPS STORE 3832 | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:   Appeal from the Mansfield Municipal
                           Court, Case No. 10-CVE-1664

JUDGMENT:                  Reversed

DATE OF JUDGMENT:          June 4, 2013

APPEARANCES:

For Plaintiff-Appellee

ALEX R. VERHOOGEN, PRO SE
585 Austin Road
Mansfield, OH  44903

For Defendant-Appellant United
Parcel Service, Inc.

ROGER P. SUGARMAN
KATHERINE CONNOR FERGUSON
Capitol Square, Suite 1800
65 East State Street
Columbus, OH  43215

For The UPS Store 3832

CORNELIUS J. O'SULLIVAN, JR.
6480 Rockside Woods Blvd., South
Suite 145
Independence, OH  44131

*Farmer, J.*

{¶1} On August 28, 2008, appellee, Alex Verhoogen, caused a parcel containing a stove top to be shipped from The UPS Store 3832 (hereinafter "Store") in Spokane, Washington, to Mansfield, Ohio. Appellant, United Parcel Service, Inc. shipped the parcel. The stove top arrived damaged.

{¶2} On June 25, 2010, appellee filed a complaint for damages against appellant and Store in the Mansfield Municipal Court. On March 31, 2011, appellant filed a motion for summary judgment, claiming it was not liable for damages over $100.00 based on the Carmack Amendment, and appellee had no standing to sue. By judgment entry filed May 2, 2011, the trial court denied the motion.

{¶3} A bench trial commenced on April 24, 2012. By judgment entry filed August 3, 2012, the trial court found in favor of appellee as against appellant and Store in the amount of $4,183.54.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5} "VERHOOGEN'S STATE LAW CLAIMS ARE PREEMPTED BY FEDERAL LAW."

II

{¶6} "VERHOOGEN HAS NO STANDING TO SUE UPS."

III

{¶7} "EVEN IF VERHOOGEN HAD STANDING TO SUE UPS, HE MUST STAND IN THE SHOES OF THE SHIPPER; THEREFORE, VERHOOGEN IS SUBJECT TO THE TERMS AND CONDITIONS OF THE UPS TARIFF."

IV

{¶8} "THE CARMACK AMENDMENT AND THE UPS TARIFF LIMIT UPS'S LIABILITY FOR LOSS OR DAMAGE TO PACKAGES."

V

{¶9} "VERHOOGEN IS BOUND BY THE TERMS OF THE UPS TARIFF, AND NO SHIPPER OR THIRD PARTY HAS AUTHORITY TO WAIVE OR VARY THE TERMS OF THE UPS TARIFF."

I, II, IV

{¶10} Appellant claims the trial court erred in awarding appellee in excess of $100.00 plus shipping costs based on the fact that there was no privity of contract between appellant and appellee, and the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706, is controlling.

{¶11} The parcel shipping order (Plaintiff's Exhibit 2) and the shipment receipt and credit card billing (Defendant's Exhibit 2) set forth the contractual relationships of the parties. Appellant is not identified as a party to the shipping order between appellee and Store. Plaintiff's Exhibit 2 specifically identifies Store as the contractor:

1. Subject to these terms and condition, this The UPS Store® center ("We" or "Us") will receive, forward and/or pack parcels for

customer ("You" or "Your"). The carrier for all parcels accepted by Us shall be UPS unless noted here ____. Your true name and address appear on the shipping label. You confirm the accuracy of "Ship To" address (____ initial here).

3. We do not transport Your parcels. We assume no liability for the delivery of the parcels accepted for shipment or for loss or damage by any cause to the parcels or their contents while in transit. You agree that carrier's liability for lost or damaged parcels is limited by the provisions in this PSO. You agree to all terms and conditions on this PSO whether or not declared value is purchased. Driver may deliver parcel without a signature unless You request a signature on delivery and pay any applicable charge for such service. Carrier is not liable for loss or damage occurring after delivery.

{¶12} Defendant's Exhibit 2 includes the shipping receipt that clearly delineates that payment was made to Store. We conclude there was no privity of contract between appellant and appellee.

{¶13} Appellant also argues any liability is limited by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 14706. Defendant's Exhibit 3 is the UPS Tariff/Terms and Conditions of Service for Small Package Shipments in the United States. Section VI(G)(1) and (2) state the following:

**G**. **LIMITATIONS OF LIABILITY**

1. Each UPS domestic package or international shipment is automatically protected by UPS against loss or damage up to a value of $100. Unless a greater value is recorded in the declared value field of the UPS source document or the UPS shipping system used, the shipper agrees that the released value of each domestic package or international shipment is no greater than $100, which is a reasonable value under the circumstances surrounding the transportation, and that UPS shall not be liable for more than $100 for each domestic package or international shipment.

2. If additional protection is desired, the shipper may declare a value in excess of $100, subject to the maximum allowable limits, by showing a value in excess of $100 in the declared value field of the UPS source document or the UPS shipping system used. An additional charge as set forth in the UPS Rates in effect at the time of shipping will be assessed. UPS shall not be liable under any circumstances for an amount in excess of the declared value of a domestic package or international shipment. When a shipper declares a value in excess of $100, it does not receive any form of insurance. Shippers desiring cargo insurance, all risk insurance, or another form of insurance should purchase such insurance from a third party.

{¶14}  As explained in appellant's brief at 11, federal courts have determined the Carmack Amendment permits carriers to limit their liability as long as the shipper's tariff sets forth its limitations:

Courts have uniformly enforced liability limitations contained in carrier's tariffs, including the limitation provisions in UPS's Tariff.  *See, e.g., Kemper Ins. Cos. v. Federal Express Corp.,* 115 F. Supp. 2d 116, 121 (D. Mass. 2000) (enforcing carrier's limitations provision limiting liability for lost or damaged jewelry to maximum amount of $500 pursuant to federal common law, which relies upon the Carmack Amendment). Moreover, courts have explicitly recognized that rate structures that set rates and limit liability benefit shippers by allowing them to ship items at lower rates that would not otherwise be available if carriers faced unlimited liability for every shipment. *Adams Express Co. v. Croninger,* 226 U.S. at 509-11.

Indeed, courts have recognized that such limitations are *necessary* in order for common carriers like UPS to be able to provide affordable shipping services.  *See Husman Constr. Co. v. Purolator Courier Corp.,* 832 F.2d 459, 462 (*th Cir. 1987) ("[I]t is unreasonable to subject a carrier to liability for enormous and unforeseeable consequential damages in return for an $11.75 shipment fee."); *Hill Constr. Corp. v. Am. Airlines, Inc.,* 996 F.2d 1315, 1317 (1st Cir. 1993) (liability limitations permit a carrier "to avoid unforeseeably high liability for especially valuable cargo;

they permit shippers of ordinary items to pay somewhat lower freight bills"); *American Ry. Express Co. v. Lindenburg,* 260 U.S. 584, 592 (1923).

{¶15}  The above cited tariff of UPS imposes a limitation and omits consequential damages [Section VI(G)(5) and (20)]:

5. Whenever property is damaged or lost by UPS in the course of transportation, UPS's maximum liability per domestic package or international shipment shall not exceed the lesser of:

a. $100 when no value in excess of $100 is declared on the source document or shipping system used (or when a value in excess of $100 is declared, but the applicable declared value charges are not paid);

b. the declared value on the source document or shipping system used when a value in excess of $100 is declared and the applicable declared value charges paid;

c. the purchase price paid by the consignee (where the shipped property has been sold to the consignee);

d. the actual cost of the damaged or lost property;

e. the replacement cost of the property at the time and place of loss or damage; or

f. the cost of repairing the damaged property.

20. Under no circumstances shall UPS be liable for any special, incidental, or consequential damages arising from any package or shipment, including but not limited to, damages arising from loss, misdelivery of, or damage to property, delayed delivery, or failure to attempt delivery in accordance with the UPS Service Guarantee. Under no circumstances shall UPS be liable for any damages whatsoever for delayed delivery, except as specifically provided for shipments made under the UPS Service Guarantee.

{¶16} Although appellee listed on the parcel shipping order (Plaintiff's Exhibit 2) the declared value of $950.00, he did not purchase declared value coverage. On the shipment receipt (Defendant's Exhibit 2), nothing was charged under "Service Options."

{¶17} Upon review, we find the trial court erred in awarding judgment to appellee as against appellant in excess of $159.19 in damages ($100.00 plus the $59.19 for the cost of shipping).

{¶18} Assignments of Error I, II, and IV are granted.

{¶19} Assignments of Error III and V are rendered moot.

{¶20} The judgment of the Mansfield Municipal Court of Richland County, Ohio is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 508